#### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR THE

#### COUNTY OF CHESHIRE, APRIL TERM,

### A. D. 1831.

---

### OLIVER MARBLE *versus* OLIVER MARBLE, Jr.

A contract by a mortgagee to purchase the right of the mortgagor to redeem the land mortgaged, at such price as A, B, and C shall fix, is a contract for the sale of land, within the meaning of the statute of frauds, and no action can be maintained upon it, unless there be some memorandum of it signed by the party to be charged.

ASSUMPSIT. The declaration alleged, that on the 26th March, 1826, the plaintiff conveyed to the defendant, a tract of land in Winchester, in this county, in fee and in mortgage, to secure the payment of a note for $450; that on the 4th April, 1828, the defendant commenced an action for the recovery of the land, and another action to recover the contents of the note; that on the 2d October, 1828, it was agreed between the plaintiff and the defendant, that the plaintiff and his wife should, by deed, release to the defendant all their right in the said land, and that the defendant should discontinue said actions; allow the plaintiff the sum, at which L. B., R. C. and D.

W. should appraise the said land, and after deducting the amount due on the said note, and the costs of the said actions, should pay to the plaintiff the balance ; that the said L. B., R. C. and D. W. appraised the land at $900 ; being $329,19, above the amount due on the said note, with the costs of said actions ; and that the plaintiff tendered to the defendant a deed executed by the plaintiff and his wife, in due form, conveying all their right in the said land. The breach of the contract assigned was, that the defendant had refused to pay the said balance and had taken judgment in the said suit.

The cause was tried here, at April term, 1830, upon the general issue ; when the plaintiff offered to prove all the allegations in his said declaration, but as it was admitted that the contract there stated was not in writing, the court rejected the evidence, and a verdict was taken for the defendant, subject to the opinion of the court upon the question, whether the said evidence was properly rejected.

*Joel Parker*, for the plaintiff.

*Handerson*, for the defendant.

The contract in this case is a contract for the sale of land, or, at least, for the sale of an interest in, or concerning lands, and it not being in writing, no action can be maintained upon it. 11 Mass. Rep. 342, *Boyd v. Stone* ; 15 Mass. Rep. 92 ; 1 Pick. 331.

In cases where the contract has been partly performed, or where the purchaser has taken possession and expended money in repairs, it is held, in courts of equity, that the statute does not apply. And there may be cases, where a court of law, in the absence of a court of equity, might sustain an action for money had and received, to recover back any money paid under such a contract, or an action for work and materials, where repairs had been made. But in this case there has been no money paid, no such part performance that equity would give relief. Nothing has been done by the plain-

Marble
v.
Marble Jr.

tiff except to write a deed. There is no ground on which even a court of equity could enforce the contract.

*By the Court.* We are all of opinion, that the evidence in this case was properly rejected. It was clearly a contract for the sale of land, and not being in writing, no action can be maintained upon it. 2 Starkies, 598—601; 5 B. & C. 829, *Evans* v. *Roberts*; 5 Cowen, 162, *Van Alstine* v. *Wimple*; Newland 182; 3 Vesey, 38, note; 2 Starkies, N. P. C. 379, *Thompson* v. *Wilson*; 7 Taunton, 157, *Hoby* v. *Roebuck*; 2 Taunton, 38, *Emerson* v. *Heelis*; 6 Cowen, 445, *Gale* v. *Nixon*.

*Judgment on the verdict.*